UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES

**Plaintiff**  Civil Action No.

V.

**Defendants**

REVENUE ASISTANCE CORPORATION AKA SOFT LOFT

FRONTIER COMMUNICATIONS

## VERIFIED COMPLAINT

### Parties

1. The Plaintiff (Paul Jones) is a resident of Stoughton MA 02072, County of Norfolk, and a citizen of the United States.

2. Defendant Revenue Assistance Corporation aka Soft loft (Hereafter Revenue) is a Telemarketer that is not registered to do business in Massachusetts with a usually address of 4780 Hinkley Industrial Parkway, Cleveland, Ohio 44109.

3. Defendant Softloft (hereafter Revenue) is an inbound and outbound call center services industry that uses telephony platform technology with advanced fiber optic that allows them to make 100-1000 calls simultaneously, they are located at with a usually address of 4780 Hinkley Industrial Parkway, Cleveland, Ohio 44109 and is the same as Revenue Assistance Corporation.

4. Defendant Frontier Communications Corporation is a telephone company that is headquartered in Stamford, CT.

5. Frontier is the largest communications company providing services predominantly to rural areas and small and medium-sized towns and cities in the U.S. The Company operates in 27 states, and is the nation's fourth largest Incumbent Local Exchange Carrier (ILEC), with 3.1 million customers as of March 31, 2013.

## Jurisdiction

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

7. This Court has personal jurisdiction over Defendants pursuant to G.L. c. 223A, § 3(a) because: a) Defendants regularly transact and have transacted business in the Commonwealth of Massachusetts by selling products and services to Massachusetts customers; b) Defendants have committed torts within the Commonwealth of Massachusetts; c) Defendants solicit business within the Commonwealth of Massachusetts; and d) the acts or conduct that are the subject matter of this action arose from Defendants' transaction of business in Massachusetts.

8. Venue is proper in Massachusetts, because defendants intentionally reached into that county, availing itself of the protection of the laws of Massachusetts, and Defendant's acts in that county gave rise to the cause of action asserted herein.

9. This Court has jurisdiction over defendants pursuant because defendants caused injury to a person within this state, to wit, Paul Jones, while it was engaged in Telemarketing activities, within this state.

10. This Court has jurisdiction over defendants pursuant MGL 159 Section 12. Defendants are nonresident.

## FACTS

11. All conditions precedent to the bringing of this action has been performed.

12. The plaintiff tried to mitigate the damages before plaintiff filed this case in Massachusetts Federal District court by sending defendants Revenue and Frontier a Notice of Intent to sue and or a copy of a lawsuit.

13. The lawsuit was timely filed the alleged violation of the Telephone Consumer Practices Act (hereafter TCPA), Massachusetts Unfair & Deceptive Trade Practices Act (hereafter MGL 93a) and the Massachusetts Telemarketer Sales Act 157 esq (hereafter MTSA), after additional attempts to settle the dispute attempts failed and is well within the 4 year statute of limitations under the MGL 93a, TCPA & the MTSA.

14. The defendants Revenue continues to call the plaintiff almost daily even after plaintiff filed an additional lawsuit against Revenue aka Softloft and informed all the defendants and their attorneys to cease all calls that they were violating Federal & State laws, defendants violated the TCPA, MTSA and the MGL 93a.

15. At all times mentioned the defendant Revenue & & Frontier used an Automatic Dialing System to make all calls to the plaintiff.

16. Plaintiff Paul Jones is a consumer under the MGL 159, TCPA and MGL 93a.

17. Plaintiff never had a business relationship with defendants Revenue and /or Frontier.

18. Over the course of an extended period beginning in at least 2013, Defendants Revenue & Frontier made mass solicitations to Plaintiff using an ATDS system in an effort to sell its services and or products. In the process, Defendants made calls to the plaintiff's VoIP and Cellular telephones and Plaintiff was charged for each and every call.

19. Defendants Revenue & Frontier did not established and implemented, with due care, reasonable practices and procedures to effectively prevent unsolicited telephonic sales calls to plaintiff.

20. Defendants Revenue & Frontier called plaintiff on his telephone 6 telephone numbers that have been on the Federal Trade Commission Do Not Call List since as early as 2003.

21. Defendant Revenue & Frontier knew or should have known that telephone solicitations directed toward plaintiffs telephone numbers appearing on the Do Not Call Registry are prohibited by Law with certain exceptions.

22. At all times relevant hereto, and in the ordinary course of business, Defendant Revenue & Frontier placed 'Unsolicited consumer telephone calls" as that term is defined by MTSA 159 and the TCPA.

23. Defendant Revenue & Frontier failed to place Plaintiff on its do-not-call-list & properly maintain or train its personnel how to comply with the TCPA and the FCC and the Do Not Call rules and regulations maintained by the FTC, which is contrary to the MGL93 a, TCPA & MGL 159 when the call was placed to the consumer plaintiff in this matter.

24. Defendants Revenue placed each Telemarketers sales call below to Plaintiff on his personal telephone numbers without written consent and with an emergency purpose with an Automatic telephone Dialing System called the Vici Dialer, trying to sell the plaintiff Electricity service from Direct Energy on at least these occasions:

| Name | Type | Date | Day | Time | Duration | Number | Caller |
|---|---|---|---|---|---|---|---|
| Paul Jones | Home 6 | 11/05/2013 | Tue | 04:18 PM | 00:00:09 | 7813443456 | 2167632750 |
| Paul Jones | Home 17 | 11/06/2013 | Wed | 01:17 PM | 00:00:09 | 4133282070 | 2167632750 |
| Paul Jones | Home 48 | 11/06/2013 | Wed | 01:39 PM | 00:00:10 | 9784256336 | 2167632750 |
| Paul Jones | Home 34 | 11/08/2013 | Fri | 09:06 AM | 00:00:08 | 7813444351 | 2167632750 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Paul Jones | Home 34 | 11/08/2013 | Fri | 01:05 PM | 00:00:29 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 11/12/2013 | Tue | 12:40 PM | 00:00:25 | 7813443456 | 2167632750 |
| Paul Jones | Home 17 | 11/13/2013 | Wed | 11:18 AM | 00:00:01 | 4133282070 | 2167632750 |
| Paul Jones | Home 48 | 11/13/2013 | Wed | 01:24 PM | 00:00:01 | 9784256336 | 2167632750 |
| Paul Jones | Home 17 | 11/13/2013 | Wed | 02:25 PM | 00:00:00 | 4133282070 | 2167632750 |
| Paul Jones | Home 17 | 11/14/2013 | Thu | 02:35 PM | 00:00:51 | 4133282070 | 2167632750 |
| Paul Jones | Home 17 | 11/15/2013 | Fri | 02:30 PM | 00:00:00 | 4133282070 | 2167632750 |
| Paul Jones | Home 48 | 11/18/2013 | Mon | 03:29 PM | 00:00:00 | 9784256336 | 2167632750 |
| Paul Jones | Home 17 | 11/18/2013 | Mon | 04:25 PM | 00:00:45 | 4133282070 | 2167632750 |
| Paul Jones | Home 34 | 11/21/2013 | Thu | 04:25 PM | 00:00:33 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 11/22/2013 | Fri | 09:11 AM | 00:00:38 | 7813443456 | 2167632750 |
| Paul Jones | Home 48 | 11/25/2013 | Mon | 02:48 PM | 00:00:22 | 9784256336 | 2167632750 |
| Paul Jones | Home 17 | 11/26/2013 | Tue | 12:06 PM | 00:00:01 | 4133282070 | 2167632750 |
| Paul Jones | Home 34 | 11/26/2013 | Tue | 03:46 PM | 00:00:01 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 11/26/2013 | Tue | 04:01 PM | 00:00:08 | 7813443456 | 2167632750 |
| Paul Jones | Home 34 | 12/02/2013 | Mon | 02:03 PM | 00:01:16 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 12/02/2013 | Mon | 02:48 PM | 00:00:05 | 7813443456 | 2167632750 |
| Paul Jones | Home 6 | 12/03/2013 | Tue | 08:57 AM | 00:00:03 | 7813443456 | 2167632750 |
| Paul Jones | Home 48 | 12/03/2013 | Tue | 04:30 PM | 00:00:11 | 9784256336 | 2167632750 |
| Paul Jones | Home 34 | 12/04/2013 | Wed | 11:42 AM | 00:00:48 | 7813444351 | 2167632750 |
| Paul Jones | Home 34 | 12/04/2013 | Wed | 02:47 PM | 00:00:32 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 12/04/2013 | Wed | 03:20 PM | 00:00:42 | 7813443456 | 2167632750 |
| Paul Jones | Home 17 | 12/04/2013 | Wed | 04:03 PM | 00:00:37 | 4133282070 | 2167632750 |

| Paul Jones | Home 48 | 12/04/2013 | Wed | 04:15 PM | 00:00:36 | 9784256336 | 2167632750 |
|---|---|---|---|---|---|---|---|
| Paul Jones | Home 17 | 12/13/2013 | Fri | 02:05 PM | 00:00:38 | 4133282070 | 2167632750 |
| Paul Jones | Home 34 | 12/13/2013 | Fri | 02:27 PM | 00:00:13 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 12/16/2013 | Mon | 10:14 AM | 00:00:01 | 7813443456 | 2167632750 |
| Paul Jones | Home 6 | 12/16/2013 | Mon | 11:26 AM | 00:00:02 | 7813443456 | 2167632750 |
| Paul Jones | Home 6 | 12/18/2013 | Wed | 12:03 PM | 00:00:01 | 7813443456 | 2167632750 |
| Paul Jones | Home 48 | 12/18/2013 | Wed | 02:25 PM | 00:00:27 | 9784256336 | 2167632750 |
| Paul Jones | Home 34 | 12/18/2013 | Wed | 03:48 PM | 00:00:26 | 7813444351 | 2167632750 |
| Paul Jones | Home 48 | 12/19/2013 | Thu | 02:29 PM | 00:00:00 | 9784256336 | 2167632750 |
| Paul Jones | Home 6 | 12/20/2013 | Fri | 08:37 AM | 00:00:00 | 7813443456 | 2167632750 |
| Paul Jones | Home 48 | 12/20/2013 | Fri | 09:53 AM | 00:00:26 | 9784256336 | 2167632750 |
| Paul Jones | Home 17 | 12/20/2013 | Fri | 11:40 AM | 00:00:34 | 4133282070 | 2167632750 |
| Paul Jones | Home 48 | 12/23/2013 | Mon | 10:05 AM | 00:00:45 | 9784256336 | 2167632750 |
| Paul Jones | Home 48 | 12/27/2013 | Fri | 10:47 AM | 00:00:28 | 9784256336 | 2167632750 |
| Paul Jones | Home 6 | 12/27/2013 | Fri | 11:35 AM | 00:00:00 | 7813443456 | 2167632750 |
| Paul Jones | Home 17 | 12/27/2013 | Fri | 11:55 AM | 00:00:16 | 4133282070 | 2167632750 |
| Paul Jones | Home 6 | 12/30/2013 | Mon | 08:59 AM | 00:00:06 | 7813443456 | 2167632750 |
| Paul Jones | Home 34 | 01/03/2014 | Fri | 08:46 AM | 00:00:02 | 7813444351 | 2167632750 |
| Paul Jones | Home 17 | 01/10/2014 | Fri | 09:56 AM | 00:00:28 | 4133282070 | 2167632750 |
| Paul Jones | Home 48 | 01/10/2014 | Fri | 10:37 AM | 00:00:15 | 9784256336 | 2167632750 |
| Paul Jones | Home 34 | 01/13/2014 | Mon | 04:19 PM | 00:00:05 | 7813444351 | 2167632750 |
| Paul Jones | Home 34 | 01/14/2014 | Tue | 11:30 AM | 00:00:12 | 7813444351 | 2167632750 |
| Paul Jones | Home 6 | 01/14/2014 | Tue | 01:25 PM | 00:00:24 | 7813443456 | 2167632750 |

| Paul Jones | Home 48 | 01/14/2014 | Tue | 02:21 PM | 00:00:06 | 9784256336 | 2167632750 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Paul Jones | Home 6 | 01/14/2014 | Tue | 04:30 PM | 00:00:48 | 7813443456 | 2167632750 |
| Paul Jones | Home 48 | 02/03/2014 | Mon | 04:29 PM | 00:00:29 | 9784256336 | 2167632750 |
| Paul Jones | Home 6 | 02/04/2014 | Tue | 08:35 AM | 00:00:26 | 7813443456 | 2167632750 |
| Paul Jones | Home 17 | 02/04/2014 | Tue | 08:51 AM | 00:00:02 | 4133282070 | 2167632750 |

25. Each call above is a separate and distinct violation of the MGL 159 c and the TCPA.

26. Defendants Frontier place over 60 calls to plaintiff's telephone number that was registered on the FTC Do Not call list an artificial computerized voice message which stated:

*"Hello this Miss Carr from Frontier we will really like to talk to you please call our office at 1800-921-8105 between the hours of 8am & 5pm Monday thru Friday did you know that we offer State funded telephone financial discount programs, again this is Miss Carr from Frontier call us at 1800-921-8105 thank you".*

27. Defendant Frontier made each phone call with an artificial computerized message which is contrary to the TCPA, MGL 93a & MGL 159c., defendants calls have all the earmarks of an ATDS and or Predictive dialer, with dead air 3-5 seconds before a live agent came on if one came on.

28. The Defendants Revenue and Frontier placed calls to plaintiff, the defendant never disclose the following information below within the first minute of a Telemarketers telephonic sales call that is required under the MGL 159 & MGL 93a :

1. The purpose of the call

2. The correct name of the telemarketing company that employs the individual telemarketer who is making the call;

3. The correct name of the ultimate seller whose goods or services are being offered by means of the telemarketing call; and

4. A complete and accurate description of the goods or services being offered including, but not limited to, the retail market value of the goods or services Defendants Revenue and or Softloft made no such disclosures when placing calls to Plaintiff which is contrary to the Massachusetts Telemarketer Solicitation Act 159C *et seq*. (MTSA) and is an unfair & deceptive Trade Practices Act.

29. Defendants Revenue and Frontier made more than 1 unsolicited telephonic sales call within a 12-month period by or on behalf of the same person or entity which is contrary to the MTSA, TCPA & the MGL 93a.

30. On some of the calls that Plaintiff answered, he encountered a long period of silence, or "dead air," and nothing else and the phone hung up this is contrary to the TCPA, MTSA & the MGL 93a.

31. On the calls made to Plaintiff that were not dead air calls, Defendants Revenue employees began the call with a generic, non-personalized sales pitch to Plaintiff. For example, calls from **(216) 763-2750, 8603081492, 7818840687, 6177665180** that Plaintiff answered was introduced by a voice that said " **Hello can I speak to the person in charge of the National Grid Electric bill, this call is regarding your National Grid Electric bill" Did you know your electric bill is going up by a certain percentage, the caller did not state who she was, where she was calling from and did not give a telephone number to call back for opt out purposes or state the purpose of the call.**

32. The defendant Revenu representative goes on to try to make the plaintiff or whomever answers the telephone to believe that the call is from the plaintiffs electric company

(National Grid) which is *contrary to the Telephone Consumer Practices Act (TCPA), Mass. Gen. Laws Ann. ch. 159C, §Section 1-14.(MTSA) and the Massachusetts Unfair & Deceptive Trade Practices Act (MGL 93a).*

33. Defendants Revenue and Frontier placed other similar calls from telephone numbers that came up as BLOCKED, using the same methods to plaintiff's telephone numbers that had been registered with the National Do Not Call Registry.

34. Defendants Revenue and Frontier called after the plaintiff requested that they stop calling, defendants Revenue and Frontier made it extremely difficult, if not impossible, for plaintiffs to have his telephone numbers removed from their call lists in order to avoid receiving future calls from the Defendants.

35. Defendants Revenue and Frontier are each separately liable for the conduct alleged herein, the placing of calls with an Automatic Dialing Machines / Predictive Dialer to Plaintiff in violation of the TCPA, MGL 93a and the MGL 159 C.,

36. Plaintiff has two telephone number 617-939-5417 and 413-313-6993 which are cellular telephone numbers registered to him under Paul Jones, plaintiffs service provider during some of these calls where with Verizon, plaintiff has since switched his cellular personal telephones to Sprint as a service provider the contract is under the consumer plaintiffs name Paul Jones.

37. Plaintiff has several telephone numbers that are VoIP telephone number that defendants Revenue and Frontier was calling *and plaintiff was charged 9.9 cents for each call contrary to the TCPA, MGL 93a and MTSA 159.*

38. Plaintiffs VoIP telephone numbers are assigned from Call Source whom is plaintiff phone carrier, for the VoIP telephone numbers that are the subject to the calls received from defendant Revenue and Frontier the contract is listed under Paul Jones a consumer.

39. The contract from call source was open and is under Paul Jones he is a consumer, on or about April 3, 2013.

40. The VoIP numbers (413-328-2070, 781-344-3456, 978-425-6336, 860-899-2918 and 781-344-4351, has been listed on the do-not-call list for several years from 2003 through 2013 and is registered to Paul Jones.

41. Plaintiff has had his telephone number 413-328-2070 registered on the DNC registry since February 19, 2013 and is registered to Paul Jones.

42. Plaintiff has had his telephone number 781-344-4351 registered on the DNC registry since February 15, 2008 and is registered to Paul Jones.

43. Plaintiff has had his telephone number 978-425-6336 registered on the DNC registry since August 16, 2003 and is registered to Paul Jones.

44. Plaintiff has had his telephone number 8608992918 registered on the DNC registry since February 19, 2013 and is registered to Paul Jones

45. Plaintiff has had his telephone numbers 781-344-3456 registered on the DNC registry since February 10, 2007 and is registered to Paul Jones.

46. Plaintiff has had his telephone numbers 617-939-5417registered on the DNC registry since August 07, 2014 and is registered to Paul Jones.

47. Plaintiff has had his telephone numbers 413-313-6993 registered on the DNC registry since September 28, 2015 and is registered to Paul Jones.

48. Paul Jones is a consumer and the 2 contracts governing this lawsuit is under the name of plaintiff Paul Jones from Call Source & Verizon, plaintiff received over a 160 calls from defendants Revenue and Frontier.

49. Defendants Revenue and Frontier continued to place automated calls to Plaintiff's cellular and VoIP telephone after being advised multiple times by Plaintiff not to call plaintiffs telephone numbers and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C) and MTSA MGL 159 esq.

50. Defendant Revenue and Frontier made or cause to be made an unsolicited telephonic sales call to a consumer when the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available by the office under section 2; (ii) of the MTSA 159.

51. Defendants Revenue and Frontier did not established and implemented, with due care, reasonable practices and procedures to effectively prevent unsolicited telephonic sales calls to the consumer Paul Jones when they placed the Telemarketing calls to plaintiffs telephone numbers which is contrary to MGL159 c (8).

52. The calls from defendant Revenue and Frontier to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i) or MTSA 159.

53. Each of the aforementioned calls made by defendant Revenue and Frontier constitutes a violation of the MGL 93a, MTSA 159c and the MGL 93a Unfair & deceptive Trade Practices Act.

54. Plaintiff made repeated request for the calls to stop from the defendants Revenue & Frontier but his request where ignored by the defendants Revenue and Frontier.

55. M.C.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil action, for damages and injunctive relief.

56. As alleged more fully herein, Defendants Revenue and Frontier has violated c. 93A, § 2 by sending out *en masse* unsolicited Telemarketing calls and by recording the telephone conversation without plaintiff consent.

57. Massachusetts is a two party state the plaintiff was never informed that the phone calls were being recorded which is contrary to the MGL 93a, TCPA and the MTSA 159 and an unfair & deceptive act under mgl 93a.

58. This conduct is unfair because it is harassing and annoying and invades the privacy of Plaintiff and because it causes plaintiff to incur costs for receiving calls under plaintiff phone contract with Call Source these practices are Unfair & Deceptive under the MGL 93a.

59. The defendant sales pitch to the plaintiff when he answered the calls are made to appear as though they are from and/or created by plaintiff's electric company National Grid and an unfair & deceptive act under mgl 93a.

60. Defendant's Revenue & Frontier conduct was Contrary to the TCPA and as such, constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

61. The defendants Revenue & Frontier Unfair & Deceptive Acts were: 1. calling plaintiff without written express permission, 2. Causing plaintiff to be charged for the call, 3. causing plaintiff allotted time on his contract to be wasted, 4. Calling plaintiffs telephone numbers that were registered on FTC Do Not list. 5. Ignoring plaintiff request to be

removed from their call list and placed on their do not call list 6. Not training their employees to understand the Massachusetts Rules and regulations for making Telemarketing calls to consumer within the Commonwealth of Massachusetts, 7.Using a predictive Dialer which is an Automatic Telephone Dialing System to call the consumer plaintiff Paul Jones, 8. Defendants Revenue and Frontier repeatedly made non-emergency telephone calls to plaintiffs cellular and VoIP telephones which is contrary to the MTSA, TCPA and the MGL 93a.

62. As alleged more fully herein, Defendants Revenue and Frontier have violated c. 93A, § 2 the telemarketing calls contain misleading sales pitches, and are made to appear as though they are from and/or created by an entity other than the actual business sending out the calls.

## CAUSES OF ACTION
### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227, *et seq.* BY DEFENDANTS REVENUE aka SOFTLOFT & FRONTIER

63. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

64. At all times mentioned herein, Defendants Revenue aka Softloft & Frontier called Plaintiff on his cellular and VoIP telephone using an ATDS and or predictive dialer which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

65. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the

phone and a [representative] will be available to take the call ... " 2003 TCPA Order,18 FCC 36 Red 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

66. Defendant's Revenue aka Softloft & Revenue telephone systems and calls have all the earmarks of a predictive dialer. Often times when Plaintiff answered defendants Revenue aka Softloft & Frontier calls, he was met with dead air or an artificial computerized message.

67. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

68. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

69. The defendants called plaintiff with an unsolicited advertisement to sell their electrical service to plaintiff without his written permission.

70. Plaintiff is entitle to $500.00 for each artificial computerized voice that defendant Frontier left on his answering machine.

**WHEREFORE,** the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants Revenue aka Soft Loft & Frontier as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A) &47 U.S.C. § 227(b)(3)(B).

2. Treble damages of $1500 for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from the Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

4. $500 for each call that was for an unsolicited advertisement of sale of electrical service.

5. Punitive and Treble damages; and Such other and further relief as may be just and proper.

6. $500 for each computerized artificial voice message defendant Frontier left on plaintiff answering service and when they made the calls but did not leave a voice message.

## COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(3).47 U.S.C. §227 (c)(5) BY DEFENDANTS REVENUE aka SOFTLOFT & FRONTIER

71. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

72. Defendants made telephone solicitation calls to Plaintiff.

    (5) Private right of action

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants Revenue aka Softloft and Frontier for 1. $500 per call for more than one telephone call within any 12-month period, 2. $500 per call for violations of the Do Not Call list 3. $500 per call for using an Automatic Dialing Telephone System and Treble damages of $1500.00 for each such violation.

## COUNT III
### (VIOLATION OF THE MASSCHUSETTS TELEMARKETING SOLICITATION ACT MGL 159C *et seq*.: BY DEFENDANTS REVENUE aka SOFTLOFT & FRONTIER

73. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

74. That Defendant's aforementioned conduct violated MGL 159C §8(B) (2) provides a private cause of action and damages: (b) A person who has received more than 1 unsolicited

telephonic sales call within a 12-month period by or on behalf of the same person or entity in violation of this chapter may: (i) bring an action to enjoin the violation; (2) bring an action to recover for actual monetary loss from such knowing violation or to receive not more than $5,000 in damages for such knowing violation, whichever is greater; or (iii) bring both such actions.

725Defendants placed more than one unsolicited telephonic sales call within a 12 month period to Plaintiff.

76. Plaintiff is entitled to up to $5000 for each unsolicited call & call made to him pursuant to MGL 159 8B (1) (2) (3)  & attorney fee pursuant to MGL 8 (c).

77. Defendant made no such disclosures when placing calls to Plaintiff within the first minute.


**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants Revenue aka Softloft and Frontier to receive not more than $5,000 in damages for each telephone call to plaintiff, such knowing violation, whichever is greater; or both. awarded reasonable attorney's fees and costs any post-judgment interest as may be allowed under the law & such other and further relief as the Court may deem just and proper pursuant to MGL 159C section 1thru Section 13.

## COUNT IV
**(Violation of M.G.L. c. 93A, § 2: BY DEFENDANTS REVENUE aka SOFTLOFT & FRONTIER**

78. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

79. At all relevant times Defendants were engaged in commerce for purposes of M.G.L., c. 93A and Plaintiff is a consumer pursuant to MGL 93a.

80. Defendant's conduct constitutes unfair and deceptive conduct in violation of c. 93A, § 2.

81. The unfair and deceptive acts and practices of Defendant, as described, present a serious threat to Plaintiff.

82. Plaintiff has not made a written demand for relief as to, as the demand requirement set forth in c. 93A, § 9(3) does not apply to Defendants. The demand requirement does not apply here, because Defendants do not maintain places of business, nor do they keep assets within the Commonwealth of Massachusetts.

83. Based on the foregoing, Plaintiff is entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, injunctive relief and attorneys' fees and costs.

84. Defendants violated the MGL 93a when they caused plaintiff minutes to be used when placing a telephone call, used an ATDS (ViCiDialer) to call plaintiff, did not state in the first minute the purpose of the call, did not abide by the FTC Do Not call list, when they called the consumer plaintiff more than once in a 12 month period, caused plaintiff to be charged for each call to his VoIP telephone number, had no opt out on calls, and continued to call plaintiff after he requested they remove his telephone number from their call list.

85. *Defendants Revenue aka Softloft & Frontier has engaged in unfair and deceptive trade practices intentionally, knowingly, and willfully by calling plaintiff when he was on the do not call list, causing plaintiff to be charge for each call, using plaintiffs allotted minutes on his contract, using an ATDS to call plaintiff without his consent, calling more than once in a 12 month period, recording the call to plaintiff without informing him, violating the*

***TCPA & MTSA, Revenue misleading statements to plaintiff ("we are calling regarding your National Grid Electric account and or bill"), refusing to add plaintiff to their do not call list, defendants used a blocking device or service to circumvent a consumer's use of a call identification service or device. By not established and implemented, with due care, reasonable practices and procedures to effectively prevent unsolicited telephonic sales calls. Defendant Frontier left several artificial computerized messages on plaintiff's answering service***

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Award plaintiff cost of bringing this complaint & Attorney Fees.
2. Statutory, punitive, injunctive relief & triple damages, actual damages for each call made to the consumer plaintiff.
3. Awarding Plaintiff any post-judgment interest as may be allowed under the law & award such other and further relief as the Court may deem just and proper pursuant to M.G.L., c. 93A, § 2 & M.G.L., c. 93A, § 9, including, but not limited to, actual or statutory damages, whichever is greater, multiple damages, injunctive relief and attorneys' fees and costs.

## DEMAND FOR A JURY TRIAL

**Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.**

Respectfully Submitted
Dated December 3, 2015
/s/ PAUL JONES
Paul Jones
572 Park Street
Stoughton, Ma 02072
Pj22765@gmail.com
617-939-5417

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MASSACHUSETTS

Plaintiff, Paul Jones, states as follows:

I am the Plaintiff in this civil proceeding.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or law.

I believe that this civil complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Paul M. Jones

/s/ PAUL JONES

DATE: December 3 , 2015