**United States District Court**
**District of Massachusetts**

```
                                    )
PAUL JONES,                         )
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )     Civil Action No.
REVENUE ASSISTANCE PROGRAM,         )     15-14017-NMG
FRONTIER COMMUNICATIONS and         )
PORTFOLIO RECOVERY ASSOCIATES,      )
L.L.C.,                             )
                                    )
          Defendants.               )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from allegations that defendants made unsolicited telemarketing calls to plaintiff's telephone numbers without his consent and in violation of federal and state consumer protection laws.

Pending before the Court are two motions to dismiss and plaintiff's motion to amend the amended complaint. For the reasons that follow, the motion to dismiss by defendant Revenue Assistance Corporation ("Revenue") will be allowed, the motion to dismiss by defendant Frontier Communications ("Frontier") will be allowed, in part, and denied, in part, and the motion to amend by plaintiff will be allowed, in part, and denied, in part.

-1-

I.    **Background and procedural history**

Plaintiff Paul Jones ("Jones" or "plaintiff") is a pro se litigant and a Massachusetts resident.  He claims to have registered various telephone numbers, including (413) 328-2070, (781) 344-3456, (978) 425-6336, (781) 344-4351 and (800) 507-6668, under his name and through a "Voice over IP" ("VoIP") service provider.[1]  He asserts that he has registered all five numbers on either the federal or state "Do Not Call" list.

Defendant Revenue is a telemarketing company which, according to plaintiff, is not registered to do business in Massachusetts and has its "usual" place of business in Ohio. Revenue purportedly placed multiple unsolicited telephone calls to plaintiff's numbers at (413) 328-2070, (781) 344-3456, (978) 425-6336 and (781) 344-4351.

Defendant Frontier is a large telecommunications company which allegedly has its principal place of business in Connecticut.  Plaintiff asserts that Frontier placed multiple unsolicited calls to plaintiff's number at (800) 507-6668.

In December, 2015, plaintiff initiated this action by filing a verified complaint alleging that Revenue and Frontier used "automatic dialing systems" to make telemarketing phone

---

[1] A VoIP-registered telephone line "allows a person to make voice calls using a broadband Internet connection instead of a regular (or analog) telephone line". Karle v. Sw. Credit Sys., 2015 WL 5025449, at *2 n.4 (D. Mass. June 22, 2015).

calls to him in violation of the Telephone Consumer Protection Act ("TCPA") at 47 U.S.C. § 227, et seq., the Massachusetts Telemarketing Solicitation Act ("MTSA") at M.G.L. c. 159C, § 1, et seq. and the Massachusetts consumer protection law at M.G.L. c. 93A, § 2 ("Chapter 93A").  Plaintiff amended his complaint shortly thereafter to name three additional defendants and assert a new claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") at 15 U.S.C. § 1629, et seq.

Revenue and Frontier each moved to dismiss the claims against them in January, 2016.  Plaintiff reached settlements with two of the three remaining defendants and moved for leave to file a second amended verified complaint.  The proposed second amended complaint 1) names only Revenue and Frontier as defendants, 2) reorganizes the allegations with respect to the TCPA, MTSA and Chapter 93A claims and 3) omits the FDCPA claims.

The Court notes that, because plaintiff has chosen not to pursue his claims against Portfolio Recovery Associates, L.L.C. ("Portfolio") in the proposed second amended complaint, the claims against Portfolio will be dismissed.

## II.  Revenue's motion to dismiss and plaintiff's motion to amend

### A.  Legal standards

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The court may consider documents incorporated by reference, matters of public record and other matters subject to judicial notice. Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008).  In assessing the merits of the motion, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Santiago v. Puerto Rico, 655 F.3d 61, 72 (1st Cir. 2011).  Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

With respect to amendments, the court has broad discretion under Fed. R. Civ. P. 15(a)(2) to allow the plaintiff to amend his pleadings and "should freely give leave when justice so requires". United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  Courts may deny such leave to amend for reasons such as "undue delay, bad faith, futility, and the absence of due diligence on the movant's part". Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  In determining futility, the court applies the same standard which applies to motions to dismiss under Rule 12(b)(6). Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

**B.    Application**

Revenue seeks to dismiss the amended complaint for failure to state a claim based upon the doctrine of res judicata, the "prior pending action" doctrine, MTSA standing and plaintiff's failure to comply with minimal pleading requirements.

**1.    Res judicata and the MTSA claim against Revenue**

Under the doctrine of res judicata, a final judgment on the merits of a previously filed action precludes the parties from re-litigating issues that were, or could have been, raised in that prior action. Perez v. Volvo Car Corp., 247 F.3d 303, 311 (1st Cir. 2001).  The doctrine applies if there is 1) a final judgment on the merits in the earlier action, 2) "sufficient identicality" between the causes of action asserted in the earlier and later actions and 3) "sufficient identicality" between the parties in the two actions. Id.

If a plaintiff moves in the earlier action to amend the complaint and then chooses not to appeal the denial of that motion, res judicata precludes him from attempting to litigate in the later action the claims which he unsuccessfully sought to add in the earlier action. Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012).

A review of the pleadings in the public record indicates that res judicata prevents plaintiff from asserting his MTSA claim against Revenue in this action.

-5-

In 2014, plaintiff initiated an earlier action in another session of the Court alleging that Revenue made several unsolicited telephone calls to him despite his repeated requests for the calls to stop.  The amended complaint in the earlier action asserted FDCPA and TCPA claims against Revenue. Plaintiff moved to amend the amended complaint in the earlier action to add MTSA and Chapter 93A claims against Revenue with respect to calls placed to his numbers at (413) 328-2070, (781) 344-3456, (978) 425-6336 and (781) 344-4351.  The magistrate judge in the 2014 case denied plaintiff's motion to amend as futile. Jones v. Experian Info. Sols., Inc., 141 F. Supp. 3d 159, 161 (D. Mass. 2015).

Plaintiff did not appeal that denial of leave to amend by the magistrate judge to the district judge. See Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) (internal quotation marks omitted)("A party displeased by a magistrate's order on a nondispositive motion must serve and file objections to the order within ten days . . . [otherwise] he may not thereafter assign as error a defect in the magistrate judge's order[.]"). The denial of leave thus qualifies as a final judgment on the merits of the MTSA claim in the earlier action. See Hatch, 699 F.3d at 45.

The Court concludes that res judicata bars the MTSA claim against Revenue in the instant action with respect to calls

allegedly placed to (413) 328-2070, (781) 344-3456, (978) 425-6336 and (781) 344-4351.  The Court need not consider Revenue's challenge to plaintiff's standing to bring the MTSA claim because that finding is dispositive.  Accordingly, Revenue's motion to dismiss the MTSA claim will be allowed.

The proposed second amended complaint asserts no allegations that would overcome the finding that res judicata precludes plaintiff's MTSA claim against Revenue.  Accordingly, plaintiff's motion to amend the amended complaint with respect to the MTSA claim against Revenue will be denied as futile.

### 2.    The "prior pending action" doctrine and the TCPA claims against Revenue

The "prior pending action" doctrine provides that, to ensure judicial efficiency and avoid inconsistent judgments,

> the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit.

Quality One Wireless, LLC v. Goldie Grp., LLC, 37 F. Supp. 3d 536, 540-41 (D. Mass. 2014).  The doctrine permits a court to stay or dismiss the later action if 1) there is an "identity of issues" between the earlier and later actions and 2) the earlier action will determine the controlling issues in the later action. Id. at 541.

An examination of the pleadings in the public record establishes that the "prior pending action" doctrine bars plaintiff's TCPA claims against Revenue in this action.

The TCPA claims against Revenue in both the 2014 action and this action concern unsolicited calls by Revenue to plaintiff's VoIP-registered telephone numbers. Revenue filed a motion for judgment on the pleadings in the 2014 case with respect to the TCPA claims against it. The magistrate judge issued a Report and Recommendation, which the district judge has not yet accepted or adopted, on the pending motion for judgment on the pleadings in April, 2016 and plaintiff filed an objection. The resolution of Revenue's motion by the district judge in the 2014 case will determine whether Revenue's calls in the instant case qualify as "commercial calls made without conveying an unsolicited advertisement" which are exempt from TCPA liability under 47 C.F.R. § 64.1200(a)(3)(iii).

The Court concludes that the "prior pending action" doctrine bars plaintiff's TCPA claims against Revenue in this action. Plaintiff's arguments to the contrary are inapposite. Accordingly, Revenue's motion to dismiss the TCPA claims will be allowed and the claims will be dismissed without prejudice.

The proposed second amended complaint adds no allegations that would overcome the finding that the "prior pending action" doctrine warrants dismissal without prejudice of plaintiff's

TCPA claims against Revenue in the instant case.  Accordingly, plaintiff's motion to amend the amended complaint with respect to the TCPA claims against Revenue will be denied as futile.

### 3.   FDCPA claim against Revenue

This Court will dismiss the FDCPA claim against Revenue in the amended complaint because plaintiff fails to allege that he owes a debt to Revenue that would qualify him for protection under the FDCPA.  Indeed, plaintiff concedes in his opposition that "there is no debt owed".  The Court notes that plaintiff elected not to pursue the FDCPA claim against Revenue in the proposed second amended complaint.

Accordingly, Revenue's motion to dismiss the FDCPA claim in the amended complaint will be allowed.

### 4.   Chapter 93A claim against Revenue

Chapter 93A prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce" and provides a private cause of action to a person injured by such acts or practices. M.G.L. c. 93A §§ 2, 9.  A Chapter 93A claim must allege a practice that 1) is within the penumbra of some common law, statutory or other established concept of unfairness, 2) is immoral, unethical, oppressive or unscrupulous and 3) causes substantial injury to consumers, competitors or other business entities. Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 215, 243 (1st Cir. 2005).

The Court will dismiss the Chapter 93A claim against Revenue given the dismissal of all other claims against it and plaintiff's failure to allege, in the amended or proposed second amended complaint, that Revenue's alleged conduct falls within the scope of some other established concept of unfairness. See id.

Accordingly, the Court will allow Revenue's motion to dismiss in its entirety.  Plaintiff's motion to amend with respect to the Chapter 93A claim against Revenue will be denied as futile.

## III. Frontier's motion to dismiss and plaintiff's motion to amend

Frontier moves to dismiss the claims against it under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim.  In the alternative, it seeks to compel a more definite statement of the claims under Fed. R. Civ. P. 12(b)(5).

### A.    Motion to dismiss for lack of personal jurisdiction

#### 1.    Legal standard

To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must demonstrate that jurisdiction is both statutorily authorized and consistent with the Due Process Clause of the United States Constitution. Hannon v. Beard, 524 F.3d 275, 280-82 (1st Cir. 2008).  The plaintiff must

proffer evidence of the alleged jurisdictional facts. Bluetarp Fin., Inc. v. Matrix Const. Co., Inc., 709 F.3d 72, 79 (1st Cir. 2013). Verified complaints signed under the pains and penalties of perjury are treated as affidavits. Provanzano v. Parker, 796 F. Supp. 2d 247, 254-55 (D. Mass. 2011). The court will accept the plaintiff's "properly documented evidentiary proffers" as true and construe them in the light most favorable to his jurisdictional claim. Bluetarp, 709 F.3d at 79. The court will also consider uncontradicted facts alleged by the defendant. Id.

Because the Massachusetts long-arm statute reaches to the full extent allowed by the Constitution, the Court may proceed directly to the constitutional analysis. Hannon, 524 F.3d at 280. Due process requires that the defendant have "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(internal quotation marks omitted).

Courts can exercise either general or specific personal jurisdiction over an out-of-state defendant. Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). General jurisdiction exists when the defendant engaged in "continuous and systematic activity, unrelated to the suit, in the forum state". Id. Specific jurisdiction exists when there is a "demonstrable nexus" between the plaintiff's claims

and the defendant's forum-based activities "such as when the litigation itself is founded directly on those activities". Id.

The tripartite test for specific jurisdiction requires that 1) the claims arise from or are related to the defendant's contacts with the forum state, 2) the defendant purposefully availed itself of the laws of the forum state and 3) the exercise of jurisdiction is reasonable under the circumstances. Bluetarp, 709 F.3d at 80-83. Under the second requirement, the defendant's in-state contacts must

> represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's presence before the state's courts foreseeable.

Id. at 82. To assess reasonableness under the third requirement, courts apply the "gestalt factors" which include 1) the defendant's burden of appearing in court, 2) the forum state's interest in adjudicating the dispute, 3) the plaintiff's interest in obtaining convenient and effective relief, 4) the interstate judicial system's interest in efficient resolution and 5) the common interests of all states in promoting substantive social policies. Id. at 83.

### 2.  Application

The parties dispute whether Frontier is subject to general and/or specific personal jurisdiction in this Court.

With respect to general personal jurisdiction, plaintiff proffers the verified amended complaint as evidence that Frontier "regularly transact[s]" business in Massachusetts by soliciting business in Massachusetts and selling products and services to Massachusetts customers.

Frontier denies that it is subject to general personal jurisdiction and claims that while it is "conceivable" that it placed a call to a non-Massachusetts customer who happened to receive the call in Massachusetts, it has no customers in Massachusetts and does not regularly conduct business there.

With respect to specific personal jurisdiction, the verified amended complaint asserts that plaintiff's claims arise out of Frontier's conduct in placing unsolicited, commercial calls to a number registered to him as a Massachusetts resident. The amended complaint also alleges that Frontier placed those calls to him intentionally, despite his repeated protestations and his lack of a business relationship with Frontier, indicating that Frontier acted voluntarily and created a foreseeable possibility of being haled into court in Massachusetts.

Although plaintiff does not directly address the reasonableness of this Court's assertion of personal jurisdiction over Frontier, he declares in the verified amended complaint that Frontier is "the largest communications company"

-13-

providing services to rural areas, small towns and medium-sized
cities and serves 3.1 million customers in 27 states.  The Court
construes that declaration as an allegation that Frontier would
not be unduly burdened by appearing in court in Massachusetts.

Frontier responds that because it has no business
relationship with plaintiff and no customers in Massachusetts,
plaintiff's claims did not arise out of its "limited customer
service activities that spilled over into Massachusetts" from
states in which it serviced clients.  It claims that any
contacts it made in Massachusetts were involuntary because it
does not control where its non-Massachusetts customers choose to
receive calls concerning their non-Massachusetts accounts.
Frontier contends that it could not reasonably foresee that it
would be "sued by non-existent customers in Massachusetts" and
submits that it would be unreasonable to subject it to personal
jurisdiction in every state in which its customers happened to
receive its calls.

After construing the verified amended complaint in the
light most favorable to plaintiff, as it must when assessing the
propriety of dismissal, the Court concludes that it has personal
jurisdiction over Frontier.  Plaintiff presents supported
allegations that his claims arise from the commercial calls that
Frontier intentionally made to him in Massachusetts and it is,
of course, more convenient for plaintiff to litigate those

-14-

claims in his home state.  Although it may be inconvenient for Frontier to defend against the claims in Massachusetts, that burden is not unreasonable.  Furthermore, Massachusetts, similar to all states, has an interest in adjudicating this dispute because it involves unsolicited, commercial calls made to one of its residents.

Accordingly, the Court will deny Frontier's motion to dismiss for lack of personal jurisdiction.

**B.    Motion to dismiss for failure to state a claim**

**1.    TCPA claims**

Counts 1 and 2 of the amended complaint purport to raise TCPA claims asserting violations of 47 U.S.C. § 227(b)(1) pursuant to the private rights of action provided in §§ 227(b)(3) and (c)(5).

**a.    Section 227(b)(1)(A)(iii)**

Section 227(b)(1)(A)(iii) prohibits making a call using an "automatic telephone dialing system or an artificial or prerecorded voice" to a telephone number assigned to a cellular telephone service, radio common carrier service or any service pursuant to which the recipient is charged for the call. § 227(b)(1)(A)(iii).  An "automatic telephone dialing system" is equipment with the capacity 1) to store or produce telephone numbers to be called using a random or sequential number generator and 2) to dial such numbers. § 227(a)(1).  Exceptions

to liability apply if the call is made with the prior consent of the recipient, for emergency purposes or for the sole purpose of collecting a debt owed to or guaranteed by the federal government. § 227(b)(1)(A)(iii).

The verified amended complaint sets forth a viable TCPA claim under § 227(b)(1)(A)(iii). Plaintiff alleges that Frontier placed non-emergency calls to him, without consent, at (800) 507-6668 using a computerized recording which informed him of "State funded telephone financial discount programs" and asked him to call back. Plaintiff asserts that those calls exhibited the "earmarks of an ATDS and or [sic] Predictive Dialer, with dead air 3-5 seconds before a live agent came on". He claims that he received multiple calls in a one-year period, declares that he was charged ten cents by his service company for every call received by him and submits documentation to corroborate those charges. He proclaims that the calls were not made for the purposes of debt collection because he did not owe any debt.

The Court is unpersuaded by Frontier's argument that the amended complaint failed to put it on notice as to what "type" of telephone number it allegedly called. The amended complaint asserts that Frontier placed calls to plaintiff's VoIP-registered number at (800) 507-6668. That is sufficient to put Frontier on notice of the claims against it.

-16-

According, plaintiff's TCPA claim pursuant to § 227(b)(1)(A)(iii) will survive dismissal.

### b.    Section 227(b)(1)(B)

Section 227(b)(1)(B) of Title 47 of the United States Code makes it unlawful to initiate a telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message unless certain regulatory rules or orders exempt the call. § 227(b)(1)(B).

Although plaintiff alleges that the (800) 507-6668 number is registered in his name, he does not assert in the amended or proposed second amended complaint that (800) 507-6668 is a residential, rather than business, telephone number.  The TCPA claims will be dismissed to the extent that plaintiff purports to assert a violation of § 227(b)(1)(B).

### c.    Section 227(b)(1)(C)

Section 227(b)(1)(C) of the TCPA bars the usage of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine unless 1) the sender and recipient have an established business relationship, 2) the sender obtained the number of the telephone facsimile machine a) through voluntary communications with the recipient within the context of the established business relationship, b) from a directory, advertisement or website to which the recipient voluntarily agreed to make the number

-17-

available for public distribution or 3) the advertisement complies with certain notice requirements. § 227(b)(1)(C).

Plaintiff has not stated a claim under § 227(b)(1)(C) because he has not alleged, in the amended complaint or proposed second amended complaint, that Frontier sent unsolicited advertisements to his fax machine.

The Court thus finds that the amended complaint properly asserts TCPA claims against Frontier under § 227(b)(1)(A)(iii) but not under §§ 227(b)(1)(B) or (b)(1)(C).  The proposed second amended complaint, the filing of which Frontier does not oppose on sufficiency grounds, simply reorganizes plaintiff's factual allegations and is substantially the same as the amended complaint.

Accordingly, the Court will deny Frontier's motion to dismiss for failure to state a TCPA claim with respect to § 227(b)(1)(A)(iii) but allow it with respect to §§ 227(b)(1)(C) and (b)(1)(B).  The Court will also allow plaintiff's motion to amend with respect to the surviving TCPA claim.

### 2.   MTSA claims

Count 3 of the amended complaint purportedly asserts an MTSA claim against Frontier pursuant to the private right of action set forth in M.G.L. c. 159C, § 8(b).

The MTSA prohibits making "unsolicited telephone sales calls" to a consumer whose telephone number appears on a "do-

not-call" list.  Experian, 141 F. Supp. 3d at 162.   A consumer is

an individual who is a Massachusetts resident and prospective

recipient of consumer goods or services. M.G.L. c. 159C, § 1.

The Commonwealth maintains a do-not-call list which

"incorporates the relevant part of the Federal Communications

Commission's national database".  Experian, 141 F. Supp. 3d at

163.

    Frontier seeks dismissal of the MTSA claim because, it

claims, plaintiff does not allege that (800) 507-6668 is a

residential telephone line.   Frontier cites a decision from the

2014 case previously initiated by plaintiff for the proposition

that MTCA claims should be dismissed when there is no allegation

that the telephone number at issue "was both registered to an

individual and on the state or federal do-not-call list".  Id.

    That argument is misplaced.   Plaintiff asserts in the

amended and proposed second amended complaints that Frontier

placed calls to his (800) 507-6668 number.   The proposed second

amended complaint further submits that the (800) 507-6668 number

is a VoIP number which "has been listed on the do-not-call list

for several years" and is registered to him as a consumer.   The

allegations in the proposed second amended complaint, the filing

of which Frontier opposes only on personal jurisdiction grounds,

sufficiently state an MTSA claim with respect to the

registration status of the (800) 507-6668 number.

Frontier next asserts that plaintiff sets forth "incongruous allegations" because the amended complaint alleges that the (800) 507-6668 number is a VoIP number while the exhibits show that plaintiff received calls to that number on his cellular telephone.  After construing the amended complaint in the light most favorable to plaintiff, the Court concludes that there is no such incongruity. It is reasonable to infer that plaintiff received calls to the VoIP number, which operates in reliance upon an internet connection, on his cellular telephone which can have internet access.

Frontier further seeks dismissal of the MTSA claim to the extent that it claims that Frontier placed solicitation calls to plaintiff without disclosing the required information.  Frontier argues that the alleged calls were purely informational and do not qualify as solicitation calls.  The amended and proposed second amended complaints, however, contain allegations, which this Court must accept at this stage as true, that Frontier placed "sales" calls to plaintiff's (800) 507-6668 number.

Accordingly, plaintiff's motion to amend will be allowed with respect to the MTSA claim.  Frontier's motion to dismiss the MTSA claim in the amended complaint will be denied as moot.

### 3.   FDCPA claim

Count 5 of the amended complaint purports to assert an FDCPA claim against Frontier.  Plaintiff concedes that he does

not owe any debt that would qualify him for protection under the
FDCPA.  Plaintiff also chose not to pursue the FDCPA claim
against Frontier in the proposed second amended complaint.

Accordingly, Frontier's motion to dismiss the FDCPA claim
in the amended complaint will be allowed.

### 4.   Chapter 93A claim

Count 4 of the amended complaint raises a Chapter 93A
claim.  Frontier seeks dismissal based upon plaintiff's "strap-
hanging of a Chapter 93A violation on [deficient] TCPA and MTSA"
claims.  Because the Court has found that some TCPA and MTSA
claims survive dismissal, Frontier advances no viable argument
for dismissing the Chapter 93A claim.

Accordingly, Frontier's motion to dismiss the Chapter 93A
claim will be denied.  Plaintiff's motion to amend will be
allowed because Frontier opposes that motion only on personal
jurisdiction grounds and advances no other arguments for denial.

### C.   Motion for a more definite statement

Alternatively, Frontier moves under Fed. R. Civ. P. 12(e)
for a more definite statement of the asserted claims which
survive dismissal.  Such a motion should be allowed only where a
complaint is "so vague or ambiguous that a party cannot
reasonably prepare a response." Fed. R. Civ. P. 12(e).  That
rule "is designed to remedy unintelligible pleadings, not merely

to correct for lack of detail." <u>Ivymedia Corp.</u> v. <u>iLIKEBUS,</u>
<u>Inc.</u>, 2015 WL 4254387, at *6 (D. Mass. July 13, 2015).

Frontier's motion is inapt because the Court has already
concluded that plaintiff adequately pled the surviving TCPA,
MTSA and Chapter 93A claims concerning calls that Frontier
allegedly made to plaintiff's registered VoIP number at
(800) 507-6668.  Accordingly, Frontier's motion for a more
definite statement will be denied.

## ORDER

For the reasons set forth in the Memorandum,

1) the motion to dismiss the amended complaint by
   defendant Revenue Assistance Corporation is **ALLOWED**,

2) the motion to dismiss the amended complaint by
   defendant Frontier Communications is, with respect to
   the claims under §§ 227(b)(1)(B) and (b)(1)(C) of the
   Telephone Consumer Protection Act and under the Fair
   Debt Collection Practices Act, **ALLOWED**; but is
   otherwise **DENIED**, and

3) the motion to amend the amended complaint by plaintiff
   is, with respect to the claims against Revenue
   Assistance Corporation, **DENIED as futile**; but, with
   respect to the surviving claims against Frontier
   Communications, **ALLOWED**.

In addition, plaintiff's claims against defendant Portfolio
Recovery Associates, L.L.C. are, in light of his decision not to
pursue the claims in the proposed second amended complaint,
**DISMISSED.**


**So ordered.**


                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated July 14, 2016